IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| HARVEY CANTRELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 21-0067-JB-MU |
| | ) |
| ANDREW SAUL, | ) |
| | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

On July 16, 2021, Plaintiff, who is proceeding *pro se*, was ordered to file an amended complaint curing the numerous deficiencies in his original complaint and either the filing fee or a Motion to Proceed without Prepayment of Fees. (Doc. 2). On August 13, 2021, Plaintiff filed an amended Complaint and two Motions to Proceed Without Prepayment of Fees. (Docs. 3, 4, and 5). The complaint and motions were referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and General Local Rule 72(a)(2)(S) for appropriate action. Because Cantrell has requested leave to proceed without prepayment of costs and fees (*see* Docs. 4 and 5), this Court has the obligation to undertake a review of his complaint pursuant to the provisions of 28 U.S.C. § 1915(e). Upon review of the documents submitted by Plaintiff and his complaints, the Court finds, s*ua sponte,* that this action is due to be transferred to the United States District Court for the Southern District of Illinois and so **RECOMMENDS.**

On August 13, 2021, Plaintiff Harvey Cantrell filed a *pro se* Complaint against Andrew Saul, who at the time of the original filing was the Commissioner of the Social Security Administration. It appears from the limited facts set forth in the complaint that Cantrell's intent was to sue Saul in this capacity. (Doc. 3). Cantrell stated that he filed

this action, which has no connection to the state of Alabama or this district, in this Court "[b]ecause [he] can not win in IL." Based on statements made in this Complaint and his original complaint and documents filed with the Court, Cantrell is attempting to seek judicial review of a decision of the Commissioner concerning the amount of back pay awarded to his deceased brother. (Docs. 1, 3).

Although this Court has jurisdiction to review a "final decision" of the Commissioner, an action under Section 405(g) of Title 42 must "be brought in the district court of the United States for the judicial district in which the plaintiff resides." The evidence here shows that Plaintiff's brother resided in Illinois at the time he made his claim for social security benefits and at the time of his death and that Plaintiff currently resides in Nashville, Illinois. (Docs. 1, 3, 4, and 5).

Based on the foregoing, venue in this Court is improper. *See* 42 U.S.C. § 405(g); *see also Simpson v. Colvin*, No. 14-00288-N, 2015 WL 3447880, at *1 n.3 (S.D. Ala. May 29, 2015) ("The record reflects that Simpson resides in this judicial district. Thus, venue is proper in this Court. *See* 42 U.S.C. § 405(g)…"). Venue is, rather, proper in Illinois.

## CONCLUSION

Therefore, for the reasons discussed herein, it is **RECOMMENDED** that this case be transferred to the United States District Court for the Southern District of Illinois.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ.

P. 72(b); S.D. Ala. Gen. LR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."  11th Cir. R. 3-1.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **24th** day of **September, 2021**.

/s/ P. Bradley Murray
**P. BRADLEY MURRAY**
**UNITED STATES MAGISTRATE JUDGE**